IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

|  |  |  |
|---|---|---|
| Teresa Ann Gould, | ) | Case No.: 4:25-cv-13427-JD-KDW |
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) | **ORDER** |
|  | ) |  |
| Union Home Mortgage, Cenlar, | ) |  |
| Experian, Trans Union, and Equifax, | ) |  |
|  | ) |  |
| Defendants. | ) |  |
|  | ) |  |

This matter is before the Court on Plaintiff Teresa Ann Gould's Emergency Motion to Expedite Proceedings and for Targeted Preliminary Injunctive Relief (DE 21) and the Report and Recommendation of United States Magistrate Judge Kaymani D. West (the "Report") (DE 78). The Report recommends denying Plaintiff's motion.[1] For the reasons below, the Court adopts the Report as modified and supplemented by this Order.

A.     **Background**

Plaintiff, proceeding *pro se*, filed this action under the Fair Credit Reporting Act ("FCRA"), alleging that Defendants continued to report inaccurate information concerning a former mortgage account despite her disputes and supporting

---

[1]     The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

documentation. Before Defendants filed responsive pleadings, Plaintiff moved for emergency relief. She asked the Court to expedite service, shorten Defendants' response deadlines, require an immediate court-supervised reinvestigation of the disputed tradelines, and temporarily suppress, annotate, or otherwise limit the disputed credit information while this action proceeds. (DE 21 at 1–2.)

Plaintiff asserted that the reporting threatened her housing stability, impeded access to credit and medical care, required an unusually large automobile down payment, and created severe financial hardship. The documents submitted with the motion include mortgage forbearance materials, evidence of prior authorization for a cervical MRI and general insurance cost sharing information, and materials concerning automobile financing. (DE 21-1.)

On June 15, 2026, the Magistrate Judge issued the Report recommending denial of the motion because Plaintiff had not made the showing required for preliminary injunctive relief. (DE 78.) The Report advised the parties of their right to file specific written objections. No party filed objections by the June 29, 2026, deadline.

## B.    Legal Standard

### 1.    De Novo Review

The Court must review de novo only those portions of the Report to which a party makes a specific objection. 28 U.S.C. § 636(b)(1). To be actionable, objections must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is

2

accepted by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing *Thomas v. Arn*, 474 U.S. 140, 147 (1985)).

When no specific objection is made, the Court need not conduct de novo review and need only satisfy itself that there is no clear error on the face of the record before accepting the recommendation. *Diamond v. Colonial Life & Accident Insurance Co.*, 416 F.3d 310, 315 (4th Cir. 2005); *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

### 2.     Preliminary Injunction

A preliminary injunction is an extraordinary remedy. A movant must make a clear showing that: (1) she is likely to succeed on the merits; (2) she is likely to suffer irreparable harm without preliminary relief; (3) the balance of equities tips in her favor; and (4) an injunction is in the public interest. *See Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20, 22–24 (2008); *see also Pashby v. Delia*, 709 F.3d 307, 320–21 (4th Cir. 2013). Each factor must be independently satisfied. *See Pashby*, 709 F.3d at 321.

The traditional function of preliminary relief is to preserve the last uncontested status between the parties until the merits can be resolved. *Id*. at 319–20. Relief that alters that status or compels affirmative action is mandatory in practical effect and warrants particular caution. *Id*. Any injunction entered must also

state its terms specifically and describe the acts restrained or required in reasonable detail. *See* Fed. R. Civ. P. 65(d)(1); *see also Pashby*, 709 F.3d at 331–32.

**C.      Discussion**

**1.      The Procedural Requests Are Moot**

Plaintiff's requests to expedite service and shorten Defendants' response deadlines no longer present a live controversy. As the Report rightly notes, since the motion was filed, all Defendants have appeared and filed responsive motions. Equifax, Union Home Mortgage, Cenlar FSB, Experian, and Trans Union have each moved to dismiss, and Plaintiff has responded. (*See* DEs 52, 53, 57, 71, 77.) The relief sought as to service and initial response deadlines has, therefore, been overtaken by events and will be denied as moot.

**2.      Plaintiff Has Not Shown Entitlement to Preliminary Injunctive Relief**

The Court has reviewed the motion, its attachments, the Complaint, the Report, and the relevant docket. Although Plaintiff alleges facts potentially relevant to her FCRA claims, allegations alone do not establish a clear likelihood of success. The record presently reflects disputed factual and legal questions concerning the accuracy of the challenged reporting, the nature and timing of Plaintiff's disputes, the information communicated to each Defendant, and the obligations allegedly triggered by those communications. Those issues are also the subject of pending motions to dismiss. Without resolving those motions or prejudging the merits, the Court concludes that Plaintiff has not made the clear showing of likely success required at this stage.

Plaintiff also has not demonstrated a likelihood of imminent irreparable harm absent preliminary relief. Her concerns are serious, but the present evidentiary record does not establish that the threatened injuries are sufficiently immediate and non-speculative. The mortgage materials reflect a suspended payment forbearance and do not identify an imminent foreclosure date. (DE 21-2.) The medical materials show approval for a cervical MRI and describe general insurance cost-sharing, but they do not identify a scheduled surgery, a presently due surgical charge, a denial of treatment, or a deadline by which payment must be made. And the automobile down payment and previously alleged credit denials are completed financial injuries of the type ordinarily addressed through damages if liability is established.

Nor does the record identify a particular pending credit transaction, housing deadline, medical procedure, or other imminent event that is likely to cause irreparable injury before the case can proceed in the ordinary course. The possibility of continuing adverse financial consequences, without a concrete and imminent threatened injury supported by the present record, does not satisfy *Winter's* requirement of likely irreparable harm.

The form of relief requested provides an additional reason for caution. Ordering an immediate court-supervised reinvestigation and requiring temporary suppression or annotation would compel affirmative conduct and alter the current state of the disputed reporting. The request is, therefore, mandatory in practical effect. *See Pashby*, 709 F.3d at 319–20. It also does not identify with sufficient precision the specific information to be suppressed or annotated, the separate acts

5

required of each Defendant, the governing standards for a "court-supervised reinvestigation," or the duration and conditions of the requested restrictions. Rule 65(d) requires greater specificity before an enforceable injunction may issue. *See id.* at 331–32.

Because Plaintiff has not established either a clear likelihood of success or likely irreparable harm, the Court need not resolve the remaining *Winter* factors at length. The Court recognizes the public interest in accurate consumer reporting. The public also has an interest in resolving disputed facts and legal obligations through an orderly adversarial process before imposing mandatory and potentially merits-like relief. On the present record, the balance of equities and public interest do not overcome Plaintiff's failure to satisfy the first two requirements.

### D.    Conclusion

After reviewing the record, the applicable law, and the Report, the Court finds no clear error in the recommended disposition. The Court, therefore, ADOPTS the Report and Recommendation (DE 78) as modified and supplemented by this Order.

Plaintiff's Emergency Motion to Expedite Proceedings and for Targeted Preliminary Injunctive Relief (DE 21) is DENIED. The request to expedite service or shorten Defendants' initial response deadlines is DENIED AS MOOT. The request for a court-supervised reinvestigation, temporary suppression or annotation, or other preliminary injunctive relief is DENIED on the present record. This Order does not resolve the pending motions to dismiss or Plaintiff's later filed motions, which remain for separate consideration.

**IT IS SO ORDERED**.

_____
Joseph Dawson, III
United States District Judge

Florence, South Carolina
August 6, 2026